**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

RECEIVED
SEP 16 2026
PRO SE OFFICE

**Matthew Byenield,**

**Plaintiff.**

**V.**

**Case No.**

**TRUIST BANK &**
**AFFINITY FEDERAL CREDIT UNION LLC**
**Defendants.**

---

**COMPLAINT & JURY DEMANDED**

---

## INTRODUCTION

1. This is an action arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. ("FCRA"). Defendant violated the FCRA by furnishing inaccurate, incomplete, and misleading information regarding Plaintiff's consumer account and by failing to conduct a reasonable investigation after receiving notice of Plaintiff's dispute from one or more consumer reporting agencies. Defendant knowingly and willfully continued to verify and report inaccurate information, damaging Plaintiff's credit reputation and causing emotional and financial harm. Plaintiff seeks actual damages, statutory damages, punitive damages, costs, and any other relief the Court deems just and proper. Plaintiff further seeks injunctive relief requiring Defendant to delete the inaccurate information and comply with the FCRA.

2. Ultimately, the FCRA reflects Congress's determination that accurate credit reporting is not merely good business practice; it is a legal obligation essential to protecting consumers and preserving confidence in the nation's credit reporting system.

## JURISDICTION & VENUE

REC'D IN PRO SE OFFICE
SEP 16 '26 PM12:27

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., a federal law.

4. This Court also has jurisdiction pursuant to 15 U.S.C. § 1681p, which provides for private rights of action to enforce violations of the Fair Credit Reporting Act.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District.

## PARTIES

6. Plaintiff, Matthew Byenield ("Plaintiff"), is a natural person and a consumer as defined by 15 U.S.C. §1681a(c), residing at 155-71 116th Ave., Jamaica, NY 11434.

7. TRUIST BANK ("Defendant or Truist") is a corporation that regularly engages in the business of extending credit and furnishing information to consumer reporting agencies, including Experian, Equifax, and TransUnion. Defendant's principal place of business is located at 214 North Tryon Street, Charlotte, NC, 28202.

8. AFFINITY FEDERAL CREDIT UNION LLC ("Defendant or Affinity") is a corporation that regularly engages in the business of extending credit and furnishing information to consumer reporting agencies, including Experian, Equifax, and TransUnion. Defendant's principal place of business is located at 214 North Tryon Street, Charlotte, NC, 28202.

9. At all times relevant hereto, Defendant was a "furnisher of information" as that term is used within the Fair Credit Reporting Act, in that Defendant regularly furnished information relating to consumers to one or more consumer reporting agencies for inclusion in consumer credit reports.

## MATERIAL FACTS

10. On or about March 17, 2018, Plaintiff allegedly incurred a financial obligation with TRUIST in the approximate amount of $5,000 in connection with an alleged consumer credit transaction, in which the money, property, insurance, or services that were the subject of the

transaction were primarily for personal, family, or household purposes, and thus constitutes a "consumer credit transaction" as defined under the Fair Credit Reporting Act.

11. On or about June 30, 2018, Plaintiff allegedly incurred a financial obligation with AFFINITY in the approximate amount of $42,560 in connection with an alleged consumer credit transaction, in which the money, property, insurance, or services that were the subject of the transaction were primarily for personal, family, or household purposes, and thus constitutes a "consumer credit transaction" as defined under the Fair Credit Reporting Act.

12. On or about March 20, 2026, while reviewing his consumer credit reports after getting denied for a mortgage, Plaintiff discovered multiple inaccuracies relating to the accounts furnished by Defendants to Equifax, TransUnion, and Experian. These inaccuracies included, but were not limited to, the reporting of false and misleading payment history, inaccurate and inconsistent account data, and inaccurate balance and balance history.

13. Upon identifying these inaccuracies, Plaintiff promptly submitted disputes to TransUnion, Equifax, and Experian. In those disputes, Plaintiff clearly identified the specific information that was inaccurate, incomplete, or materially misleading, and requested that such information be corrected or deleted in accordance with the Fair Credit Reporting Act.

14. Upon review of the account information sections of his Experian, Equifax, and TransUnion credit reports, Plaintiff observed that Truist furnished an account balance and past-due amount of $3,650.00. However, the correct account balance and past-due amount were $3,649.00, as reflected by the underlying account information. Accordingly, a review and comparison of the furnished information against the underlying account records would have revealed that the $3,650.00 balance and past-due amount were inaccurate. **(See Exhibit A, B, &C)**

15. Truist also furnished inaccurate charge-off amounts to the consumer reporting agencies. Specifically, Truist reported a charge-off amount of $3,650.00 to Experian and TransUnion and a charge-off amount of $3,750.00 to Equifax. However, the correct charge-off amount was $3,649.00, as reflected by the underlying account information. A review and comparison of the furnished charge-off amounts against the underlying account

records would have revealed that the charge-off amounts furnished by Truist were inaccurate. **(See Exhibit A, B, &C)**

16. Truist also furnished incomplete account information to the consumer reporting agencies. Specifically, Truist failed to report the recent payment and the monthly payment in the account information section of Plaintiff's Experian credit report. To Equifax, Truist failed to report the scheduled monthly payment amount and the account's closed date in the account information section. Although Equifax reported the date of Plaintiff's last payment, Truist failed to furnish the amount of that last payment.

17. Additionally, Truist reported to TransUnion that Plaintiff's last payment amount was $0.00, despite Plaintiff having made a payment. Truist also furnished inaccurate account terms to TransUnion by reporting the scheduled monthly payment amount as "$0.00 per month, paid monthly for 84 months," which did not accurately reflect the terms of Plaintiff's account. **(See Exhibit C)**

18. Truist also furnished inconsistent payment history information for September 2020. Specifically, Truist reported "ND" (No Data) to Experian for September 2020, while reporting the account as "Current" to TransUnion and Equifax for the same reporting period. A review of Truist's underlying account records, including the account's payment and delinquency history for September 2020, would have established the actual status of the account and revealed which of the conflicting payment history entries was inaccurate.

19. Truist also furnished an inaccurate balance history to Experian. Specifically, from June 2024 through July 2025, Truist reported a monthly account balance of $3,650.00 for thirteen (13) consecutive months in the balance history section of Plaintiff's Experian credit report. In fact, the correct account balance during this period was $3,649.00, rendering the balance history furnished by Truist inaccurate. **(See Exhibit A)**

20. Truist also furnished an inaccurate balance history to Equifax. Specifically, from April 2024 through August 2025, Truist reported a monthly account balance of $3,650.00 in the balance history section of Plaintiff's Equifax credit report. In fact, the correct account balance during this period was $3,649.00, rendering the balance history furnished by Truist inaccurate.

21. Truist also furnished inaccurate and incomplete account information regarding the account's highest balance. Specifically, Truist reported a high balance of $5,000 to TransUnion, failed to report any high balance to Experian, and reported a high credit of $3,750 to Equifax. These inconsistent and incomplete account values demonstrate that Truist furnished materially inaccurate and inconsistent information concerning the same account.

22. Truist also furnished an incomplete payment history to TransUnion. Specifically, Truist failed to report the account balances, past-due amounts, scheduled monthly payment amounts, and amounts paid for the monthly payment history entries appearing in the TransUnion payment history section. As a result, although Truist reported the account as 60 days past due for two consecutive months, the omitted payment history information prevented Plaintiff from determining whether the reported delinquency progression was accurate or supported by the underlying account history.

23. Truist also furnished inconsistent account removal information to the consumer reporting agencies. Specifically, Truist reported the estimated removal date of the account as May 2027 on Plaintiff's Experian credit report, while reporting a different estimated removal date of August 2027 on Plaintiff's TransUnion credit report. Additionally, Truist failed to report any estimated removal date to Equifax.

24. Truist also failed to furnish the account's First Date of Delinquency to Experian and TransUnion. As a result, Plaintiff was unable to ascertain whether the estimated removal dates reported for the account were accurate or consistent with the Fair Credit Reporting Act's reporting period.

25. Truist also furnished internally inconsistent delinquency information. Specifically, Truist reported to Equifax that the account's First Date of Delinquency was September 5, 2020. However, during that same time period, Truist reported the account as "Current" in the payment history sections of Plaintiff's Equifax and TransUnion credit reports, while reporting "ND" (No Data) in the payment history section of Plaintiff's Experian credit report. These contradictory reporting entries cannot all be accurate and demonstrate that Truist furnished materially inaccurate and inconsistent information regarding Plaintiff's account.

26. Furthermore, Truist furnished inconsistent charge-off dates to the consumer reporting agencies. Specifically, Truist reported that the account was charged off in February 2021 on Plaintiff's Experian and TransUnion credit reports, while reporting a charge-off date of March 2021 to Equifax for the same account.

27. Truist also furnished an inconsistent payment history for November 2020. Specifically, Truist reported the account as 60 days past due on Plaintiff's Experian and TransUnion credit reports. However, for the same reporting period, Truist reported the account to Equifax using Account History Status Code "1," which represents an account that is 30 to 59 days past due. Thus, for November 2020,

28. Truist also furnished an inaccurate payment history by reporting the account as 60 days past due for two consecutive months, specifically November 2020 and December 2020. Reporting the same level of delinquency for two consecutive monthly reporting periods is inconsistent with the natural progression of delinquency absent an intervening payment or account status change, rendering the payment history inaccurate and misleading.

29. Truist also furnished an inconsistent payment history for March 2020. Specifically, Truist reported the account as 30 days past due on Plaintiff's Experian and TransUnion credit reports. However, for the same reporting period, Truist reported the account to Equifax using Account History Status Code "0," which represents an account that is current. Thus, for March 2020, Truist simultaneously reported the same account as both 30 days past due and current to different consumer reporting agencies. These contradictory reporting entries cannot both be accurate and demonstrate that Truist furnished materially inaccurate and inconsistent information regarding Plaintiff's account.

30. The inaccuracies described above pertain to the account furnished by Truist. Plaintiff also discovered that Affinity furnished materially inaccurate, misleading, and incomplete information regarding a separate account to the nationwide consumer reporting agencies, as set forth below.

31. Affinity furnished incomplete and inconsistent payment history information concerning Plaintiff's delinquency status. Specifically, Affinity inaccurately reported the account as 90 days past due when the account was current for January 2021 on Plaintiff's TransUnion

and Experian credit reports, while reporting the same account as current on Plaintiff's Equifax credit report for the same reporting period. The payment history did not provide complete information concerning the past-due amount, scheduled payment amount, amount paid, and other payment history information necessary to determine whether the account was in fact 90 days past due during that reporting period.

32. Affinity also furnished inaccurate and incomplete information regarding Plaintiff's last payment. Specifically, Affinity reported to TransUnion that Plaintiff's last payment was made on August 8, 2025, while reporting to Equifax that Plaintiff's last payment was made on August 1, 2025, and failed to furnish a last payment date to Experian. Plaintiff made a payment of $1,200.00 on August 8, 2025. As a result, the information furnished by Affinity did not consistently or completely reflect when Plaintiff's most recent payment was actually made, thereby affecting the accuracy and completeness of the reported payment history.

33. Affinity also furnished and verified inconsistent and incomplete account removal information to the consumer reporting agencies. Specifically, Affinity reported the estimated removal date of the account as August 2029 on Plaintiff's Experian credit report, while reporting the estimated removal date of November 2029 on Plaintiff's TransUnion credit report. Additionally, Affinity did not report an estimated removal date to Equifax. **(See Exhibit A, B &C)**

34. Affinity also furnished inaccurate account terms to TransUnion. Specifically, in the account information section, Affinity reported the account terms as "$0.00 per month, paid monthly for 87 months." **(See Exhibit C)**

35. Affinity also furnished an inconsistent payment history for October 2021. Specifically, Affinity reported the account as 30 days past due on Plaintiff's TransUnion credit report, while reporting the same account as 60 days past due on Plaintiff's Experian credit report for the same reporting period. **(See Exhibit A &C)**

36. Affinity also furnished an inconsistent payment history for November 2021. Specifically, Affinity reported the account as 60 days past due on Plaintiff's TransUnion credit report.

Affinity also reported Account History Status Code "2" to Equifax for November 2021, which represents an account that is 60 to 89 days past due. However, for the same reporting period, Affinity reported the account as only 30 days past due on Plaintiff's Experian credit report.

37. Affinity also furnished an inconsistent payment history for January and February 2023. Specifically, Affinity reported the account as 60 days past due for both January 2023 and February 2023 on Plaintiff's Experian credit report. Affinity likewise reported Account History Status Code "2" to Equifax for both January 2023 and February 2023, representing an account that was 60 to 89 days past due. However, for January 2023, Affinity reported the same account as 30 days past due on Plaintiff's TransUnion credit report.

38. Within the Payment History section of the TransUnion and Experian consumer report, Affinity reported the account as 90 days late for January 2021, while simultaneously reporting the same as current on Equifax. **(See Exhibit A, B & C)**

39. Affinity also furnished a misleading payment history for May 2023. Specifically, Affinity reported the account as 120 days past due on Plaintiff's Experian credit report. However, for the same reporting period, Affinity reported the account as only 90 days past due on Plaintiff's TransUnion credit report. **(See Exhibit A & C)**

40. Affinity also furnished a misleading payment history for June and July 2023. Specifically, Affinity reported Account History Status Code "5" to Equifax for both June 2023 and July 2023, representing an account that was 150 to 179 days past due. However, Affinity reported "ND" (No Data) for June 2023 on Plaintiff's Experian credit report. Affinity then reported the account as 150 days past due for July 2023 and August 2023 on Plaintiff's Experian credit report.

41. Affinity also furnished inconsistent charge-off information in the payment history section of Plaintiff's credit reports. Specifically, Affinity reported the account as charged off in October 2023 on Plaintiff's Experian credit report. Affinity reported the account as charged off in November 2023 on Plaintiff's TransUnion credit report. In contrast, Affinity reported Account History Status Code "L" to Equifax for September 2023, which represents a charge-

off. Thus, Affinity reported three different charge-off months for the same account to the consumer reporting agencies.

42. Affinity furnished inconsistent payment history information to Experian for October and November 2021. Specifically, Affinity reported the account as 60 days past due for October 2021 and then reported the account as 30 days past due for November 2021. The reported payment history does not reflect the payment activity, past-due amount, or other account information explaining the reduction in the reported level of delinquency from 60 days past due to 30 days past due. **(See Exhibit A)**

43. Affinity also reported the account as 60 days past due to Experian for two consecutive reporting periods, December 2021 and January 2022. The payment history does not completely reflect the payment activity, past-due amounts, scheduled payment amounts, or amounts paid necessary to show the account's delinquency progression during those reporting periods. **(See Exhibit A)**

44. Affinity further reported the account as 90 days past due to Experian for two consecutive reporting periods, March 2023 and April 2023. Affinity subsequently reported the account as 150 days past due to Experian for two consecutive reporting periods, July 2023 and August 2023. The payment history does not completely reflect the payment activity, past-due amounts, scheduled payment amounts, or amounts paid necessary to show the basis for the delinquency statuses furnished during those reporting periods.

45. Affinity also furnished an incomplete and misleading payment history to TransUnion. Specifically, Plaintiff made a payment of $9,090.00 on February 24, 2025; a payment of $3,000.00 on March 3, 2025; a payment of $600.00 on April 4, 2025; and a payment of $1,200.00 on August 8, 2025. However, for each of the corresponding reporting periods, Affinity omitted the amount Plaintiff actually paid and failed to furnish the corresponding payment information in the payment history section of Plaintiff's TransUnion credit report.

46. These omissions were material to the accuracy of the reported payment history because the amounts Plaintiff paid bear directly upon whether the account was past due, the amount of

any alleged delinquency, whether the delinquency increased or decreased, and whether Plaintiff's payments brought the account current or otherwise affected its delinquency status. By reporting the status of the account without reporting the payments necessary to place that status into context, Affinity presented an incomplete and potentially misleading picture of Plaintiff's actual payment performance.

47. Affinity further failed to furnish the account-level information necessary to determine whether the delinquency statuses appearing in Plaintiff's TransUnion payment history were accurate. Specifically, from June 2022 through March 2026, Affinity failed to report the monthly account balances, past-due amounts, amounts paid, and scheduled monthly payment amounts in the payment history section of Plaintiff's TransUnion credit report.

48. These fields do not stand alone; they are directly related to one another and provide the information necessary to determine whether a payment was due, what amount was due, what amount Plaintiff actually paid, what balance remained after payment, and whether the account was properly characterized as current or delinquent for any particular month. Without the monthly balance, past-due amount, scheduled payment, and amount-paid information, a person reviewing the tradeline is presented with delinquency designations without the underlying financial information necessary to determine whether those designations accurately reflect Plaintiff's payment performance. Accordingly, the omissions materially affected the completeness and accuracy of the payment history because they obscured whether Plaintiff was actually past due, by what amount, and whether payments made by Plaintiff cured or reduced any alleged delinquency.

49. After discovering the foregoing inaccuracies, Plaintiff submitted detailed disputes through the online dispute portals of Experian, Equifax, and TransUnion in March 2026, specifically identifying the inaccurate and incomplete information being reported by Truist and Affinity. Upon information and belief, Experian, Equifax, and TransUnion transmitted Plaintiff's disputes, or their electronic equivalent, to Truist and Affinity, thereby triggering each Defendant's duty under the Fair Credit Reporting Act to conduct a reasonable investigation of the disputed information.

50. On April 2, 2026, Plaintiff received the results of Equifax's reinvestigation. Thereafter, on June 14, 2026, Plaintiff received the results of TransUnion's reinvestigation. On June 3, 2026, Plaintiff obtained an updated copy of his Experian consumer report following Experian's reinvestigation. Despite the reinvestigations, the inaccurate and incomplete information described above continued to appear on Plaintiff's consumer reports.

51. Upon information and belief, Truist and Affinity received Automated Consumer Dispute Verification ("ACDV") forms, or their electronic equivalent, through the e-OSCAR system from Experian, Equifax, and TransUnion within the time prescribed by the Fair Credit Reporting Act, thereby receiving notice of Plaintiff's disputes and triggering their duties under 15 U.S.C. § 1681s-2(b).

52. Upon information and belief, Defendants did not review the underlying account-level source records necessary to verify the disputed information identified by Plaintiff.

53. Upon information and belief, Defendants did not compare the disputed information to the underlying account records, including the complete payment histories, balance histories, charge-off information, dates of first delinquency, account status information, and other account-level records relevant to Plaintiff's disputes.

54. Upon information and belief, Defendants responded to the ACDVs by verifying the disputed information against the information they had previously furnished to Experian, Equifax, and TransUnion.

55. Upon information and belief, Defendants' verification consisted primarily of comparing the information contained in the ACDVs to the information maintained within their own internal systems rather than conducting a reasonable investigation of the disputed information.

56. Upon information and belief, Defendants' investigations did not include a review of the underlying account-level source records necessary to verify the disputed information or determine whether the information being reported to the consumer reporting agencies was complete and accurate.

57. Upon information and belief, Defendants' investigations did not include a meaningful human review of Plaintiff's disputes or the supporting information provided through the consumer reporting agencies.

58. Defendants failed to identify or correct the inaccurate, misleading, incomplete, and inconsistent information identified in Plaintiff's disputes, including inaccurate balances, conflicting payment histories, inconsistent charge-off dates, inconsistent or missing dates of first delinquency, inconsistent obsolescence dates, and the omission of material account information, and instead continued to verify and furnish such information to Experian, Equifax, and TransUnion.

59. Defendants verified the disputed information without correcting, modifying, or qualifying the inaccurate, incomplete, misleading, and inconsistent information identified in Plaintiff's disputes.

60. After receiving notice of Plaintiff's disputes, Defendants continued furnishing monthly account information to Experian, Equifax, and TransUnion without reporting the accounts as disputed.

61. After receiving notice of Plaintiff's disputes, Defendants continued furnishing the disputed information to Experian, Equifax, and TransUnion.

62. After receiving notice of Plaintiff's disputes, Defendants failed to provide corrections concerning the disputed information to Experian, Equifax, and TransUnion.

63. After receiving notice of Plaintiff's disputes, Defendants failed to request that Experian, Equifax, and TransUnion delete or modify the inaccurate and incomplete information.

64. Upon information and belief, Defendants retained account records, payment records, account statements, balance histories, and other account-level records relating to Plaintiff's accounts.

65. Upon information and belief, Defendants maintained records sufficient to review and verify the disputed information identified in Plaintiff's disputes at the time they received the ACDVs.

66. Defendants received notice of the disputed information concerning Plaintiff's accounts through the Automated Consumer Dispute Verification ("ACDV") process.

67. The disputed information included inaccurate, incomplete, misleading, inconsistent, and omitted information concerning Plaintiff's accounts, including inaccurate balances, inconsistent payment histories, conflicting charge-off dates, inconsistent or missing dates of first delinquency, inconsistent obsolescence dates, omitted account information, and other material reporting discrepancies described herein.

68. A reasonable investigation by Defendants after receiving notice of Plaintiff's disputes through the ACDV process would have resulted in the correction or deletion of the inaccurate, incomplete, misleading, and inconsistent information concerning Plaintiff's accounts.

69. Had Defendants conducted a reasonable investigation of Plaintiff's disputes, the results of their investigations would have been different. A reasonable investigation that compared the information identified in Plaintiff's disputes with Defendants' underlying account-level records, including payment records, account statements, balance histories, delinquency records, and account status information, would have revealed that the information Defendants were furnishing to Experian, Equifax, and TransUnion was inaccurate, incomplete, inconsistent, or omitted material account information.

70. In particular, such an investigation would have revealed the conflicting balances, payment histories, delinquency statuses, charge-off dates, dates of first delinquency, removal dates, payment amounts, and other discrepancies concerning Plaintiff's Truist and Affinity accounts described herein. Upon discovering those discrepancies, Defendants would have been required to correct, modify, or delete the inaccurate or incomplete information rather than verify it as accurate. Accordingly, Defendants' failure to conduct a reasonable investigation caused the inaccurate and incomplete information to remain on Plaintiff's consumer reports after his disputes.

71. As a direct and proximate result of Defendants' acts, omissions, and failures to comply with their duties under the Fair Credit Reporting Act, Plaintiff has suffered actual damages, including, but not limited to, the loss of credit opportunities, a diminished ability

to obtain and benefit from credit, increased costs of credit, invasion of privacy, mental and emotional distress, anxiety, frustration, humiliation, embarrassment, inconvenience, and the physical manifestations associated with such emotional distress. Plaintiff has suffered these damages in the past, continues to suffer them, and is reasonably expected to continue suffering them in the future.

72. The inaccurate, incomplete, inconsistent, misleading, and omitted information furnished by Defendants concerning Plaintiff's Truist and Affinity accounts has caused Plaintiff to experience significant anxiety, stress, frustration, and emotional distress. Plaintiff has felt trapped in a system intended to ensure fair and accurate credit reporting, yet despite submitting disputes identifying the reporting errors, Defendants continued to verify and furnish inaccurate and incomplete information.

73. Defendants furnished incomplete, inaccurate, inconsistent, misleading, and facially contradictory information concerning Plaintiff's Truist and Affinity accounts. As a result, Plaintiff has suffered actual damages.

74. Because Defendants refused to accurately and completely report Plaintiff's Truist and Affinity accounts after receiving notice of the disputes, Plaintiff has experienced feelings of helplessness, hopelessness, frustration, embarrassment, and anxiety. Plaintiff has lost confidence in the accuracy and reliability of the consumer reporting system, has been deprived of the full use and benefit of his credit, including the ability to obtain credit on fair terms or to use credit in the event of an emergency, and has suffered continuing emotional distress as a direct result of Defendants' conduct.

75. As a direct and proximate result of Defendants' acts, omissions, and failures to accurately and completely report Plaintiff's Truist and Affinity accounts, Plaintiff has been unable to obtain affordable housing and has been forced to remain in his current residence while his rent has continued to increase. Plaintiff has experienced financial hardship, frustration, anxiety, and the feeling of being trapped in his current living situation due to Defendants' continued furnishing of inaccurate, incomplete, inconsistent, misleading, and contradictory information concerning Plaintiff's Truist and Affinity accounts.

**COUNT I**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681s-2(b)**
**(Against Defendants Truist and Affinity)**

76. Plaintiff incorporates by reference each and every preceding allegation contained in this Complaint as though fully set forth herein.

77. Defendants violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of Plaintiff's disputes after receiving notice of those disputes from Experian, Equifax, and TransUnion.

78. Defendants received notice of Plaintiff's disputes through one or more Automated Consumer Dispute Verifications ("ACDVs"), or their electronic equivalent, transmitted by Experian, Equifax, and TransUnion and were placed on notice of the specific nature of Plaintiff's disputes, including inaccurate, incomplete, misleading, inconsistent, and omitted information concerning Plaintiff's Truist and Affinity accounts.

79. Despite receiving notice of Plaintiff's disputes, Defendants failed to conduct a reasonable investigation of the disputed information, failed to review all relevant information provided by the consumer reporting agencies, failed to accurately report the results of their investigations, and failed to correct, modify, or delete the inaccurate and incomplete information, in violation of 15 U.S.C. § 1681s-2(b).

80. As a direct and proximate result of Defendants' acts, omissions, and failures to comply with 15 U.S.C. § 1681s-2(b), Plaintiff has suffered actual damages, including, but not limited to, the loss of credit opportunities, a diminished ability to obtain and benefit from credit, increased costs of credit, difficulty obtaining affordable housing, damage to reputation, invasion of privacy, embarrassment, humiliation, frustration, anxiety, emotional distress, and the other damages alleged throughout this Complaint.

81. Defendants' violations of 15 U.S.C. § 1681s-2(b) were willful, rendering Defendants liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, if

Defendants' violations are found not to be willful, Defendants are liable for negligent noncompliance pursuant to 15 U.S.C. § 1681o.

82. Accordingly, Plaintiff is entitled to recover all relief available under the Fair Credit Reporting Act, including actual damages, statutory damages where authorized by law, punitive damages for willful noncompliance, costs of this action, reasonable attorney's fees if applicable, and such other and further relief as the Court deems just and proper.

**REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award the following relief:

A. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

B. Statutory damages as authorized by 15 U.S.C. § 1681n;

C. Punitive damages pursuant to 15 U.S.C. § 1681n for Defendants' willful noncompliance with the Fair Credit Reporting Act;

D. The costs of this action pursuant to the Fair Credit Reporting Act;

E. Pre-judgment and post-judgment interest as permitted by law; and

F. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

83. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: September 10, 2026

Matthew Byenield

Matthew Byenield
Plaintiff, Pro Se
15571 116th Avenue
Jamaica, NY 11434
Email: Mbyenield@gmail.com

United States Marshals Service

See "Instructions for Service of Process by U.S. Marshal"

| | |
|---|---|
| PLAINTIFF<br>Matthew Byenield | COURT CASE NUMBER |
| DEFENDANT<br>AFFINITY FEDERAL CREDIT UNION LLC | TYPE OF PROCESS<br>Summons and Complaint |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
AFFINITY FEDERAL CREDIT UNION LLC

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
73 Mountainview Blvd. Basking Ridge, NJ 07920

| | | |
|---|---|---|
| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | Number of process to be served with this Form 285 | 1 |
| Matthew Byenield<br>15571 116th Avenue, Jamaica, NY 11434 | Number of parties to be served in this case | 2 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE ***(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):***

| Signature of Attorney other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| M. Byenield | ☒ PLAINTIFF<br>☐ DEFENDANT | 6463268320 | 09-10-2026 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date | Time ☐ am ☐ pm |
|---|---|---|
| Address *(complete only different than shown above)* | Signature of U.S. Marshal or Deputy | |

***Costs shown on attached USMS Cost Sheet >>***

REMARKS

United States Marshals Service

See "Instructions for Service of Process by U.S. Marshal"

| | |
|---|---|
| PLAINTIFF<br>Matthew Byenield | COURT CASE NUMBER |
| DEFENDANT<br>Truist Bank | TYPE OF PROCESS<br>Summons and Complaint |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Truist Bank

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
80 State Street Albany NY 12207

| | | |
|---|---|---|
| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | Number of process to be served with this Form 285 | 1 |
| Matthew Byenield<br>15571 116th Avenue, Jamaica, NY 11434 | Number of parties to be served in this case | 2 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE ***(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):***

Registered agent
CORPORATION SERVICE COMPANY
Address:80 STATE STREET, ALBANY, NY, UNITED STATES, 12207

| | | | |
|---|---|---|---|
| Signature of Attorney other Originator requesting service on behalf of:<br>M. Byenield | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER<br>6463268320 | DATE<br>09/10/2026 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| | | |
|---|---|---|
| Name and title of individual served *(if not shown above)* | Date | Time ☐ am ☐ pm |
| Address *(complete only different than shown above)* | Signature of U.S. Marshal or Deputy | |

***Costs shown on attached USMS Cost Sheet >>***

REMARKS

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Matthew Byenield

*Plaintiff(s)*

v.

Civil Action No.

TRUIST BANK, &
AFFINTY FEDERAL CREDIT UNION LLC

*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

TRUIST BANK
c/o CORPORATION SERVICE COMPANY
80 STATE STREET, ALBANY, NY, UNITED STATES, 12207

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Matthew Byenield
15571 116th Avenue
Jamaica, NY 11434

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ______________________

______________________________
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Matthew Byenield

*Plaintiff(s)*

v.

TRUIST BANK, &
AFFINTY FEDERAL CREDIT UNION LLC

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

AFFINITY FEDERAL CREDIT UNION LLC
73 Mountainview Blvd.
Basking Ridge, NJ 079

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Matthew Byenield
15571 116th Avenue
Jamaica, NY 11434

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Prepared For

**MATTHEW BYENIELD**

Personal & Confidential

**EXHIBIT A**

**Date Generated** Jun 3, 2026

**Report Number** 0174-4290-68

[redacted]

Because your personal information is reported by you, your creditors, and other sources, it's typical to see small variations in reported personal information, like names and addresses. For security reasons, many of these items can't be disputed online, but don't worry—they don't affect your credit score.

[redacted]

| | | | |
|---|---|---|---|
| Account Name | AFFINITY FCU | Balance | $7,477 |
| Account Number | 81144XXXX | Balance Updated | 05/31/2026 |
| Account Type | Auto Loan | Recent Payment | - |
| Responsibility | Individual | Monthly Payment | - |
| Interest Type | Fixed | Original Balance | $42,560 |
| Date Opened | 06/30/2018 | Highest Balance | - |
| Status | Account charged off. $22,267 written off. $7,477 past due as of May 2026. | Terms | 87 Months |
| | | On Record Until | Aug 2029 |
| Status Updated | Oct 2023 | | |

## Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | CO | CO | CO | CO | CO | – | – | – | – | – | – | – |
| 2025 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2024 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2023 | 60 | 60 | 90 | 90 | 120 | ND | 150 | 150 | 180 | CO | CO | CO |
| 2022 | 60 | ✓ | ✓ | ✓ | 30 | ND | ✓ | 30 | 60 | ✓ | 30 | 30 |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 30 | 60 |
| 2020 | 30 | ✓ | 30 | 30 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 |
| 2019 | – | – | – | – | – | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

| | | | |
|---|---|---|---|
| ✓ | Current / Terms met | 30 | Past due 30 days |
| 60 | Past due 60 days | 90 | Past due 90 days |
| 120 | Past due 120 days | 150 | Past due 150 days |
| 180 | Past due 180 days | CO | Charge off |
| ND | No data for this period | | |

**Payment history guide**

Charge Off as of May 2026 to Oct 2023

180 days past due as of Sep 2023

150 days past due as of Aug 2023,Jul 2023

120 days past due as of May 2023

90 days past due as of Apr 2023,Mar 2023

60 days past due as of Feb 2023,Jan 2023,Sep 2022,Jan 2022,Dec 2021,Oct 2021

30 days past due as of Dec 2022,Nov 2022,Aug 2022,May 2022,Nov 2021,Sep 2021,Dec 2020,Apr 2020,Mar 2020,Jan 2020

This account is scheduled to continue on record until Aug 2029.

**Balance Histories**

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| **May 2026** | **$7,477** | **$0** | **$0 on 8/8/2025** |
| **Mar 2026** | **$7,477** | **$0** | **$0 on 8/8/2025** |

| | | | |
|---|---|---|---|
| Feb 2026 | $7,477 | $0 | $0 on 8/8/2025 |
| Dec 2025 | $7,477 | $0 | $0 on 8/8/2025 |
| Nov 2025 | $7,477 | $0 | $0 on 8/8/2025 |
| Oct 2025 | $7,477 | $0 | $0 on 8/8/2025 |
| Sep 2025 | $7,477 | $0 | $0 on 8/8/2025 |
| Aug 2025 | $7,477 | $0 | $1,200 on 8/8/2025 |
| Jul 2025 | $8,677 | $0 | $0 on 4/4/2025 |
| Jun 2025 | $8,677 | $0 | $0 on 4/4/2025 |
| May 2025 | $8,677 | $0 | $0 on 4/4/2025 |
| Apr 2025 | $8,677 | $0 | $600 on 4/4/2025 |
| Mar 2025 | $9,277 | $0 | $3,000 on 3/3/2025 |
| Feb 2025 | $12,277 | $0 | $9,990 on 2/24/2025 |
| Jan 2025 | $22,267 | $0 | $0 on 3/21/2023 |
| Dec 2024 | $22,267 | $0 | $0 on 3/21/2023 |
| Nov 2024 | $22,267 | $0 | $0 on 3/21/2023 |
| Oct 2024 | $22,267 | $0 | $0 on 3/21/2023 |
| Sep 2024 | $22,267 | $0 | $0 on 3/21/2023 |
| Aug 2024 | $22,267 | $0 | $0 on 3/21/2023 |
| Jul 2024 | $22,267 | $0 | $0 on 3/21/2023 |
| Jun 2024 | $22,267 | $0 | $0 on 3/21/2023 |

**Additional info**

The original amount of this account was $42,560

**Contact Info**

### Your Statement

ITEM IN DISPUTE BY CONSUMER

### Reinvestigation Info

This item was updated from our processing of your dispute in May 2026.

## TRUIST/GRNSKY/GSLOAN SRV

POTENTIALLY NEGATIVE

### Account Info

| | | | |
|---|---|---|---|
| Account Name | TRUIST/GRNSKY/GSLOAN SRV | Balance | $3,650 |
| Account Number | 549269XXXXXXXXXX | Balance Updated | 04/07/2026 |
| Account Type | Unsecured | Recent Payment | - |
| Responsibility | Individual | Monthly Payment | - |
| Interest Type | Fixed | Original Balance | $5,000 |
| Date Opened | 03/17/2018 | Highest Balance | - |
| Status | Account charged off. $3,650 written off. $3,650 past due as of Apr 2026. | Terms | 84 Months |
| | | On Record Until | May 2027 |
| Status Updated | Feb 2021 | | |

### Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | CO | CO | CO | CO | — | — | — | — | — | — | — | — |
| 2025 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2024 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2023 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2022 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2021 | 90 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2020 | ✓ | ✓ | 30 | 30 | 30 | 30 | ✓ | ✓ | ND | 30 | 60 | 60 |
| 2019 | — | — | — | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

| | | | |
|---|---|---|---|
| ✓ | Current / Terms met | 30 | Past due 30 days |
| 60 | Past due 60 days | 90 | Past due 90 days |
| CO | Charge off | ND | No data for this period |

**Payment history guide**

Charge Off as of Apr 2026 to Feb 2021

90 days past due as of Jan 2021

60 days past due as of Dec 2020,Nov 2020

30 days past due as of Oct 2020,Jun 2020 to Mar 2020

This account is scheduled to continue on record until May 2027.

**Balance Histories**

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| Jul 2025 | $3,650 | $0 | $0 on 3/6/2021 |
| Jun 2025 | $3,650 | $0 | $0 on 3/6/2021 |
| May 2025 | $3,650 | $0 | $0 on 3/6/2021 |
| Apr 2025 | $3,650 | $0 | $0 on 3/6/2021 |
| Mar 2025 | $3,650 | $0 | $0 on 3/6/2021 |
| Feb 2025 | $3,650 | $0 | $0 on 3/6/2021 |
| Jan 2025 | $3,650 | $0 | $0 on 3/6/2021 |
| Dec 2024 | $3,650 | $0 | $0 on 3/6/2021 |
| Nov 2024 | $3,650 | $0 | $0 on 3/6/2021 |
| Oct 2024 | $3,650 | $0 | $0 on 3/6/2021 |
| Sep 2024 | $3,650 | $0 | $0 on 3/6/2021 |
| Aug 2024 | $3,650 | $0 | $0 on 3/6/2021 |
| Jul 2024 | $3,650 | $0 | $0 on 3/6/2021 |
| Jun 2024 | $3,650 | $0 | $0 on 3/6/2021 |

## Additional info

The original amount of this account was $5,000

## Contact Info

Address: 5565 GLENRIDGE CONNECTOR, ATLANTA GA 30342

Phone Number: (866) 936-0602

## Your Statement

Y ITEM DISPUTED BY CONSUMER

EQUIFAX

EXHIBIT B

P.O. Box 105518
Atlanta, GA 30348

00004371- DISC
MATTHEW BYENIELD
15571 116TH AVE FL 1
JAMAICA, NY 11434-1509

## CREDIT FILE : April 02, 2026

## Confirmation # 6079591235

Dear MATTHEW BYENIELD:

We are pleased to let you know that the results of the dispute you recently filed with Equifax are complete. Here are a few things to know about the process:

**Were changes made to my credit report and what actions were taken?**

Please see the following page(s) for more detailed information on your specific results.

If we were able to make changes to your credit report based on the information you provided, we have done so. Otherwise, we contacted the company reporting the information to Equifax for them to investigate your dispute.

In this situation:

- We request that the reporting company verify the accuracy of the information you disputed;
- We provide them with any relevant information and supporting documentation you provided us with the dispute to consider as part of the investigation; and
- We request that they send Equifax a response to your dispute and update their records and systems, as necessary.

If your dispute involves a public record item, Equifax contacts a third party vendor to obtain the most recent status of the public record.

**How do I know that all of this is happening?**

When the reporting company replies to us, they certify that they have followed Equifax's instructions and the law; considered all information and documentation provided; and updated your information, as necessary.

**What should I do if I do not agree with the results of the investigation?**

<u>You have a few options:</u>

- You may add a statement of up to 100 words (200 words for Maine residents) to your credit report. If you provide a consumer statement that contains

**What else should I know?**

If there has been a change to your credit report based on your dispute, or if you add a consumer statement, you may request that Equifax send an updated report to companies who received your credit report within the last two years for employment purposes, or within the last six months for any other purpose (the past 12 months for residents of California, Colorado, Maryland, New York and New Jersey residents).

Also, if you are interested, you may request a description of how the reinvestigation was conducted along with the business name, address and telephone number (if reasonably available) of the furnisher of your disputed information.

For frequently asked questions about your credit report and the dispute process, please visit Equifax at equifax.com/personal/help/.

As always, we thank you for contacting Equifax and the results of your dispute are on the pages following this letter.

**How should I read my dispute results?**

To better assist you with understanding the results of your dispute, please review the information below:

- If an item states "**Deleted**", we have removed it from your credit report and taken steps so it does not reappear.
- If an item states "**Verified as Reported**", the reporting company has certifed it is reporting accurately.
- If an item states "**Updated**", we have updated one or more fields on the item based on information received from the reporting company.

Updated disputed account information only: **The information you disputed has been updated.**

Updated disputed account information. Additional account information was also updated: **The information you disputed has been updated as well as other information on this item.**

Disputed information accurate. Updated account information unrelated to the dispute: **The information you disputed has been verified as accurate, however, information unrelated to your dispute has been updated.**

Consumer's dispute not specific. Consumer information verified. Account information updated: **Information on your report has been updated.**

***The Results Of Our Reinvestigation***

***Credit Account Information***
***(For your security, the last 4 digits of account number(s) have been replaced by *) (This section includes open and closed accounts reported by credit grantors)***

| | | | |
|---|---|---|---|
| ***Account History Status Code Descriptions*** | 1 : 30-59 Days Past Due<br>2 : 60-89 Days Past Due<br>3 : 90-119 Days Past Due<br>4 : 120-149 Days Past Due | 5 : 150-179 Days Past Due<br>6 : 180 or More Days Past Due<br>G : Collection Account<br>H : Foreclosure | J : Voluntary Surrender<br>K : Repossession<br>L : Charge Off |

**>>>** ***The information you disputed has been updated as well as other information on this item. Account # - *1625 The results are:*** This account has been updated. Additional information has been provided from the original source regarding this item. THE FOLLOWING FIELDS HAVE BEEN

***AFFINITY FEDERAL CREDIT UN*** ***PO Box 621 Basking Ridge NJ 07920-0621 : 8003250808***

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| *3102 | 06/30/2018 | ***$22,267*** | | 87 Months | Monthly | 91 | | |

| Date of Last Reported Update | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/02/2026 | $7,477 | $7,477 | ***08/01/2025*** | | | 12/14/2022 | | | $22,267 | | | | ***11/01/2023*** |

| Status | Type of Account | Type of Loan | Whose Account | Portfolio Indicator | Portfolio Status |
|---|---|---|---|---|---|
| Charge Off | Installment | Auto | Individual Account | | |

ADDITIONAL INFORMATION:

***Consumer Disputes This Account***

***Charged Off Account***

***Auto***

***Fixed Rate***

Account History with Status Codes

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 01/2026 | 12/2025 | 11/2025 | 10/2025 | 09/2025 | 08/2025 | 07/2025 | 06/2025 | 05/2025 | 04/2025 |
| L | L | L | L | L | L | L | L | L | L |
| 03/2025 | 02/2025 | 01/2025 | 12/2024 | 11/2024 | 10/2024 | 09/2024 | 08/2024 | 07/2024 | 06/2024 |
| L | L | L | L | L | L | L | L | L | L |
| 05/2024 | 04/2024 | 03/2024 | 02/2024 | 01/2024 | 12/2023 | 11/2023 | 10/2023 | 09/2023 | 08/2023 |
| L | L | L | L | L | L | L | L | *L* | *6* |
| 07/2023 | 06/2023 | 05/2023 | 04/2023 | 03/2023 | 02/2023 | 01/2023 | 12/2022 | 11/2022 | 10/2022 |
| 5 | *5* | *4* | 3 | *3* | 2 | *2* | 1 | 1 | *1* |
| 09/2022 | 08/2022 | 07/2022 | 06/2022 | 05/2022 | 04/2022 | 03/2022 | 02/2022 | 01/2022 | 12/2021 |
| *0* | *2* | *1* | *0* | *1* | 0 | 0 | *0* | *2* | *1* |
| 11/2021 | 10/2021 | 09/2021 | 08/2021 | 07/2021 | 06/2021 | 05/2021 | 04/2021 | 03/2021 | 02/2021 |
| *2* | *1* | *2* | *1* | 0 | 0 | 0 | 0 | 0 | 0 |
| 01/2021 | 12/2020 | 11/2020 | 10/2020 | 09/2020 | 08/2020 | 07/2020 | 06/2020 | 05/2020 | 04/2020 |
| 0 | *0* | *1* | 0 | 0 | 0 | 0 | 0 | *0* | 1 |
| 03/2020 | 02/2020 | 01/2020 | 12/2019 | 11/2019 | 10/2019 | 09/2019 | 08/2019 | | |
| *1* | *0* | *1* | 0 | 0 | 0 | 0 | 0 | | |

Historical Account Information

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 03/26 | ***$7,477*** | | | ***08/08/2025*** | ***$42,560*** | | ***$7,477*** | Auto | |

ADDITIONAL INFORMATION:
***Consumer Disputes - Reinvestigation In Process***
***Charged Off Account***
***Auto***
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 02/26 | | | | 08/08/2025 | $42,560 | | | Auto | |

(End of Report)
000004371-DISC



6079591235-EMB-100e015c00000492-040220:

Historical Account Information

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|

ADDITIONAL INFORMATION:
***Consumer Disputes - Reinvestigation In Process***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 01/26 | $7,477 | | | 08/08/2025 | $42,560 | | $7,477 | Auto | |

ADDITIONAL INFORMATION:
Charged Off Account
Auto

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 12/25 | $7,477 | | | 08/08/2025 | $42,560 | | $7,477 | Auto | |

ADDITIONAL INFORMATION:
Charged Off Account
Auto
Amount In High Credit Is Original Charge-Off Amount
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 11/25 | $7,477 | | | 08/08/2025 | $42,560 | | $7,477 | Auto | |

ADDITIONAL INFORMATION:
Charged Off Account
Auto
Amount In High Credit Is Original Charge-Off Amount
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 10/25 | $7,477 | | | 08/08/2025 | $42,560 | | $7,477 | Auto | |

ADDITIONAL INFORMATION:
Charged Off Account
Auto
Amount In High Credit Is Original Charge-Off Amount
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 09/25 | $7,477 | | | 08/08/2025 | $42,560 | | $7,477 | Auto | |

ADDITIONAL INFORMATION:
Charged Off Account
Auto
Amount In High Credit Is Original Charge-Off Amount
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 08/25 | ***$7,477*** | | ***$1,200*** | ***08/08/2025*** | $42,560 | | ***$7,477*** | Auto | |

| Historical Account Information | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|

**ADDITIONAL INFORMATION:**
**Charged Off Account**
**Auto**
**Amount In High Credit is Original Charge-Off Amount**
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 07/25 | $8,677 | | | 04/04/2025 | $42,560 | | $8,677 | Auto | |

**ADDITIONAL INFORMATION:**
**Charged Off Account**
**Auto**
**Amount In High Credit is Original Charge-Off Amount**
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 06/25 | $8,677 | | | 04/04/2025 | $42,560 | | $8,677 | Auto | |

**ADDITIONAL INFORMATION:**
**Charged Off Account**
**Auto**
**Amount In High Credit is Original Charge-Off Amount**
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 05/25 | $8,677 | | | 04/04/2025 | $42,560 | | $8,677 | Auto | |

**ADDITIONAL INFORMATION:**
**Charged Off Account**
**Auto**
**Amount In High Credit is Original Charge-Off Amount**
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 04/25 | ***$8,677*** | | ***$600*** | ***04/04/2025*** | $42,560 | | ***$8,677*** | Auto | |

**ADDITIONAL INFORMATION:**
**Charged Off Account**
**Auto**
**Amount In High Credit is Original Charge-Off Amount**
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 03/25 | ***$9,277*** | | ***$3,000*** | ***03/03/2025*** | $42,560 | | ***$9,277*** | Auto | |

**ADDITIONAL INFORMATION:**
**Charged Off Account**
**Auto**
**Amount In High Credit is Original Charge-Off Amount**
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 02/25 | ***$12,277*** | | ***$9,990*** | ***02/24/2025*** | $42,560 | | ***$12,277*** | Auto | |

(End of Report)
000004371-DISC



6079591235-EMB-100e015c00000492-040220:

| Historical Account Information | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|

ADDITIONAL INFORMATION:
Charged Off Account
Auto
Amount In High Credit is Original Charge-Off Amount
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 01/25 | $22,267 | | | 03/21/2023 | ***$42,560*** | | $22,267 | Auto | |

ADDITIONAL INFORMATION:
Charged Off Account
Auto
Amount In High Credit is Original Charge-Off Amount
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 12/24 | $22,267 | | | 03/21/2023 | $22,267 | | $22,267 | Auto | |

ADDITIONAL INFORMATION:
Charged Off Account
Auto
Amount In High Credit is Original Charge-Off Amount
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 11/24 | $22,267 | | | 03/21/2023 | $22,267 | | $22,267 | Auto | |

ADDITIONAL INFORMATION:
Charged Off Account
Auto
Amount In High Credit is Original Charge-Off Amount
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 10/24 | $22,267 | | | 03/21/2023 | $22,267 | | $22,267 | Auto | |

ADDITIONAL INFORMATION:
Charged Off Account
Auto
Amount In High Credit is Original Charge-Off Amount
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 09/24 | $22,267 | | | 03/21/2023 | $22,267 | | $22,267 | Auto | |

ADDITIONAL INFORMATION:
Charged Off Account
Auto
Amount In High Credit is Original Charge-Off Amount
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 08/24 | $22,267 | | | 03/21/2023 | $22,267 | | $22,267 | Auto | |

(End of Report)
000004371-DISC

| Historical Account Information | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |

ADDITIONAL INFORMATION:
Charged Off Account
Auto
Amount In High Credit is Original Charge-Off Amount
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 07/24 | $22,267 | | | 03/21/2023 | $22,267 | | $22,267 | Auto | |

ADDITIONAL INFORMATION:
Charged Off Account
Auto
Amount In High Credit is Original Charge-Off Amount
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 06/24 | $22,267 | | | 03/21/2023 | $22,267 | | $22,267 | Auto | |

ADDITIONAL INFORMATION:
Charged Off Account
Auto
Amount In High Credit is Original Charge-Off Amount
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 05/24 | $22,267 | | | 03/21/2023 | $22,267 | | $22,267 | Auto | |

ADDITIONAL INFORMATION:
Charged Off Account
Auto
Amount In High Credit is Original Charge-Off Amount
***Fixed Rate***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 04/24 | $22,267 | | | 03/21/2023 | $22,267 | | $22,267 | Auto | |

ADDITIONAL INFORMATION:
Charged Off Account
Auto
Amount In High Credit is Original Charge-Off Amount
***Fixed Rate***

>>> ***We have researched the credit account. Account # - *9292 The results are:*** This creditor has verified to our company that the current status is being reported correctly. The prior paying history on this account has been updated. We have verified that this item has been reported correctly. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION *CLOSED DATE *ACTUAL PAYMENT *DATE OF MAJOR DELINQUENCY 1ST REPORTED *DATE OF LAST PAYMENT *HISTORICAL ACCOUNT INFORMATION. If you have additional questions about this item please contact: ***COMENITYBANK/WAYFAIR, PO BOX 182789, COLUMBUS, OH 43218-2789 Phone: (855) 796-9632***

(End of Report)
000004371-DISC

[redacted]

**GS LOAN SRVC/TRUIST BK** ***1797 Northeast Expy NE Thd Loan Service Brookhaven GA 30329-7803 : 8669360602***

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| *9175 | 03/17/2018 | ***$3,750*** | | 84 Months | Monthly | 86 | | |

| Date of Last Reported Update | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/02/2026 | $3,650 | $3,650 | 03/06/2021 | | | 09/05/2020 | | | $3,750 | | | | |

| Status | Type of Account | Type of Loan | Whose Account | Portfolio Indicator | Portfolio Status |
|---|---|---|---|---|---|
| Charge Off | Installment | Unsecured | Individual Account | | |

(End of Report)
000004371-DISC

ADDITIONAL INFORMATION:
***Charged Off Account***

***Fixed Rate***

***Unsecured***

Account History with Status Codes

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 07/2025<br>L | 06/2025<br>L | 05/2025<br>L | 04/2025<br>L | 03/2025<br>L | 02/2025<br>L | 01/2025<br>L | 12/2024<br>L | 11/2024<br>L | 10/2024<br>L |
| 09/2024<br>L | 08/2024<br>L | 07/2024<br>L | 06/2024<br>L | 05/2024<br>L | 04/2024<br>L | 03/2024<br>L | 02/2024<br>L | 01/2024<br>L | 12/2023<br>L |
| 11/2023<br>L | 10/2023<br>L | 09/2023<br>L | 08/2023<br>L | 07/2023<br>L | 06/2023<br>L | 05/2023<br>L | 04/2023<br>L | 03/2023<br>L | 02/2023<br>L |
| 01/2023<br>L | 12/2022<br>L | 11/2022<br>L | 10/2022<br>L | 09/2022<br>L | 08/2022<br>L | 07/2022<br>L | 06/2022<br>L | 05/2022<br>L | 04/2022<br>L |
| 03/2022<br>L | 02/2022<br>L | 01/2022<br>L | 12/2021<br>L | 11/2021<br>L | 10/2021<br>L | 09/2021<br>L | 08/2021<br>L | 07/2021<br>L | 06/2021<br>L |
| 05/2021<br>L | 04/2021<br>L | 03/2021<br>L | 02/2021<br>3 | 01/2021<br>2 | 12/2020<br>2 | 11/2020<br>1 | 10/2020<br>0 | 09/2020<br>0 | 08/2020<br>0 |
| 07/2020<br>1 | 06/2020<br>1 | 05/2020<br>1 | 04/2020<br>1 | 03/2020<br>0 | 02/2020<br>0 | | | | |

Historical Account Information

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 03/26 | No Data Available | | | | | | | | |
| 02/26 | No Data Available | | | | | | | | |
| 01/26 | No Data Available | | | | | | | | |
| 12/25 | No Data Available | | | | | | | | |
| 11/25 | No Data Available | | | | | | | | |
| 10/25 | No Data Available | | | | | | | | |
| 09/25 | No Data Available | | | | | | | | |
| 08/25 | $3,650 | | | 03/06/2021 | $5,000 | | $3,650 | Unsecured | |

ADDITIONAL INFORMATION:
***Consumer Disputes - Reinvestigation In Process***

(End of Report)
000004371-DISC

| Historical Account Information | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 07/25 | $3,650 | | | 03/06/2021 | $5,000 | | $3,650 | Unsecured | |

ADDITIONAL INFORMATION:
Charged Off Account
Amount In High Credit is Original Charge-Off Amount
Fixed Rate
Unsecured

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 06/25 | $3,650 | | | 03/06/2021 | $5,000 | | $3,650 | Unsecured | |

ADDITIONAL INFORMATION:
Charged Off Account
Amount In High Credit is Original Charge-Off Amount
Fixed Rate
Unsecured

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 05/25 | $3,650 | | | 03/06/2021 | $5,000 | | $3,650 | Unsecured | |

ADDITIONAL INFORMATION:
Charged Off Account
Amount In High Credit is Original Charge-Off Amount
Fixed Rate
Unsecured

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 04/25 | $3,650 | | | 03/06/2021 | $5,000 | | $3,650 | Unsecured | |

ADDITIONAL INFORMATION:
Charged Off Account
Amount In High Credit is Original Charge-Off Amount
Fixed Rate
Unsecured

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 03/25 | $3,650 | | | 03/06/2021 | $5,000 | | $3,650 | Unsecured | |

ADDITIONAL INFORMATION:
Charged Off Account
Amount In High Credit is Original Charge-Off Amount
Fixed Rate
Unsecured

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 02/25 | $3,650 | | | 03/06/2021 | $5,000 | | $3,650 | Unsecured | |

ADDITIONAL INFORMATION:
Charged Off Account
Amount In High Credit is Original Charge-Off Amount
Fixed Rate
Unsecured

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 01/25 | $3,650 | | | 03/06/2021 | *$5,000* | | $3,650 | Unsecured | |

(End of Report)

| Historical Account Information | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |

ADDITIONAL INFORMATION:
Charged Off Account
Amount In High Credit Is Original Charge-Off Amount
Fixed Rate
Unsecured

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 12/24 | $3,650 | | | 03/06/2021 | $3,750 | | $3,650 | Unsecured | |

ADDITIONAL INFORMATION:
Charged Off Account
Amount In High Credit Is Original Charge-Off Amount
Fixed Rate
Unsecured

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 11/24 | $3,650 | | | 03/06/2021 | $3,750 | | $3,650 | Unsecured | |

ADDITIONAL INFORMATION:
Charged Off Account
Amount In High Credit Is Original Charge-Off Amount
Fixed Rate
Unsecured

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 10/24 | $3,650 | | | 03/06/2021 | $3,750 | | $3,650 | Unsecured | |

ADDITIONAL INFORMATION:
Charged Off Account
Amount In High Credit Is Original Charge-Off Amount
Fixed Rate
Unsecured

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 09/24 | $3,650 | | | 03/06/2021 | $3,750 | | $3,650 | Unsecured | |

ADDITIONAL INFORMATION:
Charged Off Account
Amount In High Credit Is Original Charge-Off Amount
Fixed Rate
Unsecured

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 08/24 | $3,650 | | | 03/06/2021 | $3,750 | | $3,650 | Unsecured | |

ADDITIONAL INFORMATION:
Charged Off Account
Amount In High Credit Is Original Charge-Off Amount
Fixed Rate
Unsecured

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 07/24 | $3,650 | | | 03/06/2021 | $3,750 | | $3,650 | Unsecured | |

(End of Report)
000004371-DISC

Historical Account Information

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|

ADDITIONAL INFORMATION:
Charged Off Account
Amount In High Credit is Original Charge-Off Amount
Fixed Rate
Unsecured

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 06/24 | $3,650 | | | 03/06/2021 | $3,750 | | $3,650 | Unsecured | |

ADDITIONAL INFORMATION:
Charged Off Account
Amount In High Credit is Original Charge-Off Amount
Fixed Rate
Unsecured

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 05/24 | $3,650 | | | 03/06/2021 | $3,750 | | $3,650 | Unsecured | |

ADDITIONAL INFORMATION:
Charged Off Account
Amount In High Credit is Original Charge-Off Amount
Fixed Rate
Unsecured

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 04/24 | $3,650 | | | 03/06/2021 | $3,750 | | $3,650 | Unsecured | |

ADDITIONAL INFORMATION:
Charged Off Account
Amount In High Credit is Original Charge-Off Amount
Fixed Rate
Unsecured

>>> ***We have researched the credit account. Account # - *2593 The results are:*** This creditor has verified to our company that the current status is being reported correctly. The prior paying history on this account has been updated. We have verified that this item has been reported correctly. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION *CLOSED DATE *HIGH CREDIT *DATE OF MAJOR DELINQUENCY 1ST [redacted] ou have additional questions about this item please contact: [redacted]

# EXHIBIT C

A quick heads up:

| | |
|---|---|
| **RPD:** | Paid repossession |
| **RPO:** | Repossession |
| **RRE:** | Repossession redeemed |
| **RVN:** | Returned voluntarily |
| **RVR:** | Returned voluntarily/redeemed |
| **SET:** | Settled–less than full balance |
| **SGL:** | Government secured guaranteed |
| **SIL:** | Simple interest loan |
| **SLP:** | Student loan perm assign government |
| **SPL:** | Single payment loan |
| **STL:** | Credit card lost/stolen |
| **TRF:** | Transfer |
| **TRL:** | Transferred to another lender |
| **TTR:** | Transferred to recovery |
| **WEP:** | Chapter 13 bankruptcy |

For account information other than payment history, we may show brackets > < to indicate information that may negatively affect your credit health.

## Accounts with Adverse Information

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled.

**AFFINITY FEDERAL CREDIT 81144******

### Account Information

| | |
|---|---|
| **Address** | PO BOX 621 BASKING RIDGE, NJ 07920-0621 |
| **Phone** | (800) 325-0808 |
| **Monthly Payment** | $0 |
| **Date Opened** | 06/30/2018 |
| **Responsibility** | Individual Account |
| **Account Type** | Installment Account |
| **Loan Type** | AUTOMOBILE |
| **Balance** | $7,477 |

| | |
|---|---|
| **Date Updated** | 05/31/2026 |
| **Payment Received** | $0 |
| **Last Payment Made** | 08/08/2025 |
| **Pay Status** | >Charge-off< |
| **Terms** | $0 per month, paid Monthly for 87 months |
| **Date Closed** | 11/17/2023 |
| **High Balance (Hist.)** | High balance of $42,560 from 04/2026 to 05/2026 |
| **Estimated month and year this item will be removed** | 11/2029 |

## Payment History

| July 2019 | August 2019 | September 2019 | October 2019 | November 2019 | December 2019 | January 2020 |
|---|---|---|---|---|---|---|
| **Balance** --- | **Balance** --- | **Balance** --- | **Balance** --- | **Balance** --- | **Balance** --- | **Balance** --- |
| **Past Due** --- | **Past Due** --- | **Past Due** --- | **Past Due** --- | **Past Due** --- | **Past Due** --- | **Past Due** --- |
| **Amount Paid** --- | **Amount Paid** --- | **Amount Paid** --- | **Amount Paid** --- | **Amount Paid** --- | **Amount Paid** --- | **Amount Paid** --- |
| **Scheduled Payment** --- | **Scheduled Payment** --- | **Scheduled Payment** --- | **Scheduled Payment** --- | **Scheduled Payment** --- | **Scheduled Payment** --- | **Scheduled Payment** --- |
| **Remarks** --- | **Remarks** --- | **Remarks** --- | **Remarks** --- | **Remarks** --- | **Remarks** --- | **Remarks** --- |
| Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** | Rating **OK** |

| | February 2020 | March 2020 | April 2020 | May 2020 | June 2020 | July 2020 | August 2020 |
|---|---|---|---|---|---|---|---|
| Balance | --- | --- | --- | --- | --- | --- | --- |
| Past Due | --- | --- | --- | --- | --- | --- | --- |
| Amount Paid | --- | --- | --- | --- | --- | --- | --- |
| Scheduled Payment | --- | --- | --- | --- | --- | --- | --- |
| Remarks | --- | --- | --- | --- | --- | --- | --- |
| Rating | 30 | OK | 30 | 30 | OK | OK | OK |

| | September 2020 | October 2020 | November 2020 | December 2020 | January 2021 | February 2021 | March 2021 |
|---|---|---|---|---|---|---|---|
| Balance | --- | --- | --- | --- | --- | --- | --- |
| Past Due | --- | --- | --- | --- | --- | --- | --- |
| Amount Paid | --- | --- | --- | --- | --- | --- | --- |
| Scheduled Payment | --- | --- | --- | --- | --- | --- | --- |
| Remarks | --- | --- | --- | --- | --- | --- | --- |
| Rating | OK | OK | OK | OK | 30 | OK | OK |

| April 2021 | May 2021 | June 2021 | July 2021 | August 2021 | September 2021 | October 2021 |
|---|---|---|---|---|---|---|
| Balance<br>--- | Balance<br>--- | Balance<br>--- | Balance<br>--- | Balance<br>--- | Balance<br>--- | Balance<br>--- |
| Past Due<br>--- | Past Due<br>--- | Past Due<br>--- | Past Due<br>--- | Past Due<br>--- | Past Due<br>--- | Past Due<br>--- |
| Amount Paid<br>--- | Amount Paid<br>--- | Amount Paid<br>--- | Amount Paid<br>--- | Amount Paid<br>--- | Amount Paid<br>--- | Amount Paid<br>--- |
| Scheduled Payment<br>--- | Scheduled Payment<br>--- | Scheduled Payment<br>--- | Scheduled Payment<br>--- | Scheduled Payment<br>--- | Scheduled Payment<br>--- | Scheduled Payment<br>--- |
| Remarks<br>--- | Remarks<br>--- | Remarks<br>--- | Remarks<br>--- | Remarks<br>--- | Remarks<br>--- | Remarks<br>--- |
| Rating<br>OK | Rating<br>OK | Rating<br>OK | Rating<br>OK | Rating<br>OK | Rating<br>OK | Rating<br>30 |

| November 2021 | December 2021 | January 2022 | February 2022 | March 2022 | April 2022 | May 2022 |
|---|---|---|---|---|---|---|
| Balance<br>--- | Balance<br>--- | Balance<br>--- | Balance<br>--- | Balance<br>--- | Balance<br>--- | Balance<br>--- |
| Past Due<br>--- | Past Due<br>--- | Past Due<br>--- | Past Due<br>--- | Past Due<br>--- | Past Due<br>--- | Past Due<br>--- |
| Amount Paid<br>--- | Amount Paid<br>--- | Amount Paid<br>--- | Amount Paid<br>--- | Amount Paid<br>--- | Amount Paid<br>--- | Amount Paid<br>--- |
| Scheduled Payment<br>--- | Scheduled Payment<br>--- | Scheduled Payment<br>--- | Scheduled Payment<br>--- | Scheduled Payment<br>--- | Scheduled Payment<br>--- | Scheduled Payment<br>--- |
| Remarks<br>--- | Remarks<br>--- | Remarks<br>--- | Remarks<br>--- | Remarks<br>--- | Remarks<br>--- | Remarks<br>--- |
| Rating<br>60 | Rating<br>30 | Rating<br>60 | Rating<br>60 | Rating<br>OK | Rating<br>OK | Rating<br>OK |

| June 2022 | July 2022 | August 2022 | September 2022 | October 2022 | November 2022 | December 2022 |
|---|---|---|---|---|---|---|
| Balance --- | Balance --- | Balance --- | Balance --- | Balance --- | Balance --- | Balance --- |
| Past Due --- | Past Due --- | Past Due --- | Past Due --- | Past Due --- | Past Due --- | Past Due --- |
| Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- |
| Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- |
| Remarks --- | Remarks --- | Remarks --- | Remarks --- | Remarks --- | Remarks --- | Remarks --- |
| Rating 30 | Rating X | Rating OK | Rating 30 | Rating 60 | Rating OK | Rating 30 |

| January 2023 | February 2023 | March 2023 | April 2023 | May 2023 | June 2023 | July 2023 |
|---|---|---|---|---|---|---|
| Balance --- | Balance --- | Balance --- | Balance --- | Balance --- | Balance --- | Balance --- |
| Past Due --- | Past Due --- | Past Due --- | Past Due --- | Past Due --- | Past Due --- | Past Due --- |
| Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- |
| Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- |
| Remarks --- | Remarks --- | Remarks --- | Remarks --- | Remarks --- | Remarks --- | Remarks --- |
| Rating 30 | Rating 60 | Rating 60 | Rating 90 | Rating 90 | Rating 120 | Rating X |

| August 2023 | September 2023 | October 2023 | November 2023 | December 2023 | January 2024 | February 2024 |
|---|---|---|---|---|---|---|
| Balance --- | Balance --- | Balance --- | Balance --- | Balance --- | Balance --- | Balance --- |
| Past Due --- | Past Due --- | Past Due --- | Past Due --- | Past Due --- | Past Due --- | Past Due --- |
| Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- |
| Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- |
| Remarks --- | Remarks --- | Remarks --- | Remarks --- | Remarks --- | Remarks --- | Remarks --- |
| Rating 120 | Rating 120 | Rating 120 | Rating C/O | Rating C/O | Rating C/O | Rating C/O |

| March 2024 | April 2024 | May 2024 | June 2024 | July 2024 | August 2024 | September 2024 |
|---|---|---|---|---|---|---|
| Balance --- | Balance --- | Balance --- | Balance --- | Balance --- | Balance --- | Balance --- |
| Past Due --- | Past Due --- | Past Due --- | Past Due --- | Past Due --- | Past Due --- | Past Due --- |
| Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- |
| Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- |
| Remarks --- | Remarks --- | Remarks --- | Remarks --- | Remarks --- | Remarks --- | Remarks --- |
| Rating C/O | Rating C/O | Rating C/O | Rating C/O | Rating C/O | Rating C/O | Rating C/O |

| October 2024 | November 2024 | December 2024 | January 2025 | February 2025 | March 2025 | April 2025 |
|---|---|---|---|---|---|---|
| Balance --- | Balance --- | Balance --- | Balance --- | Balance --- | Balance --- | Balance --- |
| Past Due --- | Past Due --- | Past Due --- | Past Due --- | Past Due --- | Past Due --- | Past Due --- |
| Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- |
| Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- |
| Remarks --- | Remarks --- | Remarks --- | Remarks --- | Remarks --- | Remarks --- | Remarks --- |
| Rating C/O | Rating C/O | Rating C/O | Rating C/O | Rating C/O | Rating C/O | Rating C/O |

| May 2025 | June 2025 | July 2025 | August 2025 | September 2025 | October 2025 | November 2025 |
|---|---|---|---|---|---|---|
| Balance --- | Balance --- | Balance --- | Balance --- | Balance --- | Balance --- | Balance --- |
| Past Due --- | Past Due --- | Past Due --- | Past Due --- | Past Due --- | Past Due --- | Past Due --- |
| Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- | Amount Paid --- |
| Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- | Scheduled Payment --- |
| Remarks --- | Remarks --- | Remarks --- | Remarks --- | Remarks --- | Remarks --- | Remarks --- |
| Rating C/O | Rating C/O | Rating C/O | Rating C/O | Rating C/O | Rating C/O | Rating C/O |

| | December 2025 | January 2026 | February 2026 | March 2026 | April 2026 | May 2026 |
|---|---|---|---|---|---|---|
| Balance | - - - | - - - | - - - | - - - | $7,477 | $7,477 |
| Past Due | - - - | - - - | - - - | - - - | $7,477 | $7,477 |
| Amount Paid | - - - | - - - | - - - | - - - | $0 | $0 |
| Scheduled Payment | - - - | - - - | - - - | - - - | $0 | $0 |
| Remarks | - - - | PRL< | > | - - - | PRL< | > |
| Rating | C/O | C/O | C/O | C/O | C/O | C/O |

Total Months: 83



TRUIST BANK/GS 549269316598****

## Account Information

| | |
|---|---|
| **Address** | 5565 GLENRIDGE CONNECTOR ATLANTA, GA 30342 |
| **Phone** | (866) 936-0602 |
| **Monthly Payment** | $0 |
| **Date Opened** | 03/17/2018 |
| **Responsibility** | Individual Account |
| **Account Type** | Installment Account |
| **Loan Type** | UNSECURED |
| **Balance** | $3,650 |
| **Date Updated** | 04/07/2026 |
| **Payment Received** | $0 |
| **Last Payment Made** | 03/06/2021 |
| **High Balance** | $5,000 |
| **Past Due** | $3,650 |
| **Pay Status** | >Charge-off< |
| **Terms** | $0 per month, paid Monthly for 84 months |
| **Date Closed** | 04/03/2026 |
| **Estimated month and year this item will be removed** | 08/2027 |
| **Remarks** | UNPAID BALANCE CHARGED OFF |

## Payment History

| June 2019 | July 2019 | August 2019 | September 2019 | October 2019 | November 2019 | December 2019 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| OK | OK | OK | OK | OK | OK | OK |

| January 2020 | February 2020 | March 2020 | April 2020 | May 2020 | June 2020 | July 2020 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| OK | OK | 30 | 30 | 30 | 30 | OK |

| August 2020 | September 2020 | October 2020 | November 2020 | December 2020 | January 2021 | February 2021 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| OK | OK | 30 | 60 | 60 | 90 | C/O |

| March 2021 | April 2021 | May 2021 | June 2021 | July 2021 | August 2021 | September 2021 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| October 2021 | November 2021 | December 2021 | January 2022 | February 2022 | March 2022 | April 2022 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| May 2022 | June 2022 | July 2022 | August 2022 | September 2022 | October 2022 | November 2022 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| December 2022 | January 2023 | February 2023 | March 2023 | April 2023 | May 2023 | June 2023 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| July 2023 | August 2023 | September 2023 | October 2023 | November 2023 | December 2023 | January 2024 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| February 2024 | March 2024 | April 2024 | May 2024 | June 2024 | July 2024 | August 2024 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| September 2024 | October 2024 | November 2024 | December 2024 | January 2025 | February 2025 | March 2025 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| April 2025 | May 2025 | June 2025 | July 2025 | August 2025 | September 2025 | October 2025 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| November 2025 | December 2025 | January 2026 | February 2026 | March 2026 |
|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating |
| C/O | C/O | C/O | C/O | C/O |

Total Months: 82

[redacted]

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Matthew Byenield

(b) County of Residence of First Listed Plaintiff: Queens county
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
15571 116th Avenue
Jamaica, NY 11434

## DEFENDANTS

Affinity Federal Credit Union LLC & Truist Bank

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
15 U.S.C. § 1681s-2(b) (Fair Credit Reporting Act).

Brief description of cause:
Violation of the Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE DOCKET NUMBER

DATE: 09-10-2026

SIGNATURE OF ATTORNEY OF RECORD: Matthew Byenield

FOR OFFICE USE ONLY

Matthew Byenield
15571 116th Ave
Jamaica, NY 11434

$4.32
US POSTAGE
FIRST-CLASS IMI
063S01521967
29229
000018233
99125.076
stamps.com

USMS

U.S.D.C., E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201